UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM ALLEN WHITLOW,

     Plaintiff,

v.                            Case No.  3:17cv735/LC/CJK

JOHN DOES, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff William Allen Whitlow, DC#513215, is a Florida inmate presently confined at Santa Rosa Correctional Institution.  (Doc. 1, p. 2).  Plaintiff initiated this case on October 5, 2017, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2).  Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

> detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent danger of
> serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff's status as a three-striker is well established. *See Whitlow v. Wade*, No. 3:17cv493/MCR/CJK, Docs. 4, 6 (N.D. Fla. Aug. 15, 2017) (dismissing plaintiff's prisoner civil rights case under § 1915(g)'s three-strikes bar and identifying three qualifying cases). That prior action, as well as the cases forming the basis for the three-strikes dismissal, may be positively identified as filed by

plaintiff because they bear his name and Florida Department of Corrections' inmate number, DC#513215. *See Whitlow v. Oliver*, No. 5:17cv23/MCR/CJK (N.D. Fla. May 20, 2017) (dismissing plaintiff's prisoner civil rights action as malicious); *Whitlow v. Samples*, No. 5:16cv347/WTH/GRJ (N.D. Fla. Feb. 8, 2017) (same); *Whitlow v. Rummel*, No. 3:16cv470/LC/EMT (N.D. Fla. Oct. 27, 2016) (same).

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's complaint is devoid of any such allegations. Plaintiff claims he has not received legal material on time; that his sentence is illegal and he is being falsely imprisoned; that his appellate counsel in his criminal case was ineffective; and that the Florida Department of Corrections assigned him a "fraudulent" DC number upon his entry into prison. (Doc. 1). These allegations do not qualify for § 1915(g)'s imminent danger exception. Because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this suit, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 18th day of October, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.